J. S73002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
            v.    :
   :
FREDERICK DEMON DEAN,    :        No. 1402 WDA 2015
   :
           Appellant    :

Appeal from the Judgment of Sentence, August 17, 2015,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0003379-2014

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 17, 2016**

Frederick Demon Dean appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County on August 17, 2015, after a jury found him guilty of one count each of persons not to possess firearms, firearms not to be carried without a license, possession of a controlled substance, possession of drug paraphernalia, resisting arrest, and possessing instruments of crime.[1]  The trial court sentenced appellant to an aggregate term of imprisonment of 81 to 168 months.  We affirm.

The record reflects that shortly before 9:00 p.m. on August 26, 2014, SWAT officers on a vehicle patrol detail observed appellant walking

---

[1] 18 Pa.C.S.A. § 6105(a)(1), 18 Pa.C.S.A. § 6106(a)(1), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), 18 Pa.C.S.A. § 5104, and 18 Pa.C.S.A. § 907(a), respectively.

northbound on a sidewalk in the 1100 block of Wayne Street in Erie. (Notes of testimony, 6/16/15 at 31-34.) The sidewalk runs alongside the parking lot of TJ's bar. (*Id.*) The officers observed appellant walking toward a house located next to that parking lot. (*Id.*) Immediately after the patrol vehicle passed appellant, officers heard a gunshot coming from the direction where they had just observed appellant. (*Id.* at 35.) No other individuals were in the area. (*Id.* at 35-36.) The officers stopped the cruiser, exited, and began looking for appellant. (*Id.* at 36.) The officers then found a gun in the backyard of the house that they observed appellant walking toward. (*Id.*) A grass strip measuring approximately 10 to 15 feet separates the parking lot of TJ's bar from that particular house. (*Id.* at 34.)

The officers then went into TJ's bar to look for appellant. (*Id.* at 39-40). The bartender told the officers that appellant was in the back of the kitchen hiding in a closet. (*Id.* at 41.) The officers found appellant sitting in a utility closet. (*Id.* at 43.) The utility closet contained a sink. (*Id.*) Appellant was completely wet. (*Id.*) Officers instructed appellant to show them his hands. (*Id.* at 43.) Appellant refused and began kicking the officers. (*Id.*) Appellant was tased and then taken into custody. (*Id.* at 43-44.) During this incident, appellant, without provocation, stated, "I wasn't shooting at you guys. If this goes away[,] I'll give you whatever you want. I know several drug dealers from Detroit." (*Id.* at 45.)

Surveillance footage corroborated law enforcement's version of events. (Notes of testimony, 6/17/15 at, 33-28; 60-74.) It also revealed that appellant was wearing a hat when police officers initially observed him prior to the shot being fired. When he entered TJ's bar, however, appellant was no longer wearing the hat. Surveillance footage established that prior to entering TJ's bar, appellant walked into the area where the gun was found and made a "throwing motion" over a 6-foot stockade fence. Officers subsequently recovered the hat on the ground on the other side of the stockade fence from where officers observed appellant making the "throwing motion." A baggie of heroin was tucked inside the hat. (*Id.*)

Appellant raises the following issue for our review:

> [WHETHER] THE EVIDENCE IN THIS CASE WAS INSUFFICIENT TO PROVE THE CRIMES OF POSSESSION OF AN INSTRUMENT OF CRIME AND FIREARMS NOT TO BE CARRIED WITHOUT A LICENSE AS THE EVIDENCE FAILED TO ESTABLISH THAT [APPELLANT] WAS IN POSSESSION OF THE HANDGUN THAT WAS ENTERED AS EVIDENCE IN THIS CASE[?]

Appellant's brief at 2.

Appellant's brief contains no legal argument on this issue. Instead, appellant sets forth three and a half pages of "facts" with citations to the trial transcript. Following these "facts," appellant baldly asserts, "It could have been placed there by anyone. Thus, the decision of the jury on all of the firearms counts should be vacated." (*Id.* at 9.)

Appellant waives his issue on appeal for failure to develop a legal argument. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (reiterating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); citing to ***Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa. 2009); ***Commonwealth v. Steele***, 961 A.2d 786, 799 n.12 (Pa. 2008); ***Commonwealth v. Puksar***, 951 A.2d 267, 293-294 (Pa. 2008). ***See also*** Pa.R.A.P. 2119(a) (requiring that each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent"). Finally, our supreme court has long held that it is not the court's obligation to formulate an appellant's arguments. ***See Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008); ***Commonwealth v. Thomas***, 717 A.2d 468, 482-483 (Pa. 1998).

Judgment of sentence affirmed.


Lazarus, J. joins this Memorandum.

Jenkins, J. files a Concurring Statement in which Lazarus, J. also joins.

J. S73002/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016